Good morning, Your Honors. Hopefully this won't be as complex as the last case. There's no dispute about the facts in this case at all. The only two questions is did Franchise Tax Board receive constitutional notice that the taxpayers in this case had filed a bankruptcy? And the second alternative issue is if they did receive notice, were they nevertheless exempted from filing a claim on the basis that the 2000 tax year was post-petition? Counsel, wouldn't we normally consider those in the opposite order because of the principle that constitutional issues are to be avoided? In other words, the question whether it's post-petition is a statutory question. Wouldn't we normally answer that first? Because if it's answered in favor of the district court's ultimate outcome, we would never have to reach the constitutional question. Okay. Well, do you want me to frame the issue as fundamental fairness? Well, I mean, fundamental fairness is a due process concept. I'm asking you sort of for your advice to us. If you were sitting where we're sitting, would you think that we are generally supposed to reach the statutory question first? Of 1305. Right. If you will. Yes. Well, let me ask you the flip side of that. Is the question of notice a purely constitutional question in this case or is it a question of how we interpret the adequacy of notice under the bankruptcy code? The issue, the so-called constitutional question, is whether or not the Franchise Tax Board was provided fundamental fairness by the taxpayer in this particular case in notifying the Franchise Tax Board of their bankruptcy. Fundamental fairness is the equivalent of due process to governmental entities. Well, I didn't bring your schedules with me today, unfortunately. But you didn't list them in your schedules? I'm sorry. I'm having a problem hearing you. Did you list this debt in your schedules? Yes. And how did you communicate that contingent debt? The debt? The debt was duly listed, and that's on, I think, exhibit or that's ‑‑ I just ‑‑ Yes. They were listed as a priority debtor in an estimated amount of $10,000. Go ahead. Okay. And they received notice of your ‑‑ They actually received the notice. And because the taxpayer had not filed their returns at that time, Franchise Tax Board maintains that they didn't know that the debtors were a creditor or debtors were a debtor. Is that ‑‑ Keep going. Okay. The only ‑‑ and, by the way, the Franchise Tax Board tries to paint the Joys as game playing by obtaining an extension of time to October 15th of 2001 to file their claim or to file their tax returns. That's not game playing. The Joys at that time were under very substantial stress, financial distress, due to very substantial medical bills that had accrued against them. They cashed in, and this is where most of the tax comes from, they had to cash in their 401K retirements to keep those bills current, which eventually turned out to be taxable. But getting back to notice and fairness and constitutional or fundamental fairness of the notice, the only thing that's required is that the taxpayer sends notice of the pending proceeding, which here is the 341 notice of the bankruptcy court. The taxpayers complied or the debtors, the Joys, complied with every statutory requirement that was on the books. They didn't violate one statutory violation, as was the case of Ellett, which was cited by Franchise Tax Board. They complied completely, and both the district court acknowledges that, that said the taxes were, in fact, technically discharged, but because the Joys had not filed their tax return in time for them to file a claim, that that vitiated adequate notice. Let's assume that the Franchise Tax Board had actually filed a claim in this case in the correct amount. How much would the tax board have received under the bankruptcy? The board? Yes. The amount of their debt, I think it was $23,000. Right. But, I mean, under the plan, they would have received 100% of that? Yes. I see. As the IRS was scheduled, and they filed a claim and were, in fact, paid. I'm sorry, I just missed you last. You said the IRS did file a claim? Yes, and they were paid. That's my knowledge. There's simply no requirement that the tax return be filed, and the district court sets that out as the only purpose to finding that there was inadequate notice, that the tax return had not been filed. Thus, Franchise Tax Board did not know what their claim was. However.  Did the federal government receive the same bankruptcy notice as the Franchise Tax Board? Yes. And did they file before the cutoff date? If they didn't, they would not have been paid. I think the answer to that is yes. Yes. And when they filed, did they subsequently amend after the October 15 date? I could not tell you that, Your Honor, but they could have filed a protective claim. Well, I just was curious whether they filed an estimate subsequent to later determination of the tax return, which I assume the federal was coming in at the same time as the state on October 15. Yes. Just wondered how the federal tax was handled. But you're not aware of that. I'm not aware of it, but I would suspect that they probably filed it for the amount that was listed in the schedule. It's $98,000. The estimate. And then that would be amended later. Yes. Okay. Okay. Well, basically, the Joyce ---- Your time is about a minute and 40 seconds. Do you want to save some time for Bob? I can't hear you, sir. Do you want to save some time for Bob or you're almost out of time? Yeah. How much do I have left? You have a minute 30. A minute? A minute 30. Okay. You can either finish now or ---- Okay. Thank you, counsel. May it please the Court, Chris Witten on behalf of the Franchise Tax Board. To address Judge Wallace's concern about the IRS, I don't know any more of the factual background of that, but I would just point out that the IRS is a national organization. The Joyce lived in the United States for a while, and I would assume their Social Security number was in the IRS's system. So when it got a 341 notice from the bankruptcy court, the IRS knew they had a taxpayer and could follow up. Why does that really make any difference? Well, in California, in the facts of this case, the only undisputed facts are that the Franchise Tax Board had no tax information about the Joyce when the 341 notice came in from the bankruptcy court. Yeah, that's true, and I suppose that's true of the IRS. But it strikes me that if the IRS did, as counsel indicated, it's a very big organization, you say. And that's true. And it strikes me that a small organization, as the State of California, could have done the same, filed an estimate based upon the claim that you already received and then subject to amendment later on, but not say, I've got, you can go and do whatever you want to in bankruptcy, but I'm going to hit this person on October 15 for whatever we decide at that time is a proper tax. Well, Your Honor, what the Franchise Tax Board received was a notice of bankruptcy. And the process, as the record reflects, is that they try to match those Social Security numbers on those notices up with taxpayers that owe the state tax. In this case, there was no taxpayer that owed the state tax because the Joyce had not filed before, so there was no, their Social Security number was not in the system. I understand that there's no allegation at all that these people are trying to commit fraud upon the Franchise Tax Board. No. Or they did anything improper. But the Franchise Tax Board did know that there's been an estimated claim of $20,000 in a bankruptcy case. They could have filed a claim for $20,000 subject to amendment. They didn't. It strikes me that if the Bankruptcy Chapter 13 is to get all the debts together, get paid what you can pay and get a new start, it's counterproductive to have one of the two taxing institutions say, it doesn't apply to me and I'll take care of it later. Well. What is the case, what is the law that allows the Franchise Tax Board to do that? That is, bankruptcy is fine for everybody else, but I get to do it my own way. Well, we're not taking that position, Your Honor. If a taxpayer notifies us, as a taxpayer should, that they owe tax, we file a proof of claim. The state wants to get its money. There's no gain really in sitting out a bankruptcy and then coming after a debtor after he's been discharged. Here, though, we don't allege that they intentionally gained the system, but the way the dates lined up in this case provides that opportunity. Why is that any different from any other creditor who has an ongoing relationship with the debtor? I mean, we say we don't know how much he knows on an account that's receivable. They get a notice. If we adopt your position, the creditor could avoid discharge in every case by saying, gee, I didn't have my records up to date. I didn't know, and I therefore didn't feel obligated to respond. Well, as the district court found in its decision, in 2005, Congress changed the statute to require that these returns be filed or they're not discharged. Right. I understand that. But, I mean, in theory, on the notice provision, I find it troubling that you could sit on your rights knowing that this debtor thought, these debtors thought they owed you money, and they told you, we think we owe you money. And you say, well, we don't know that we owe you money, and therefore we're going to wait and we're going to come in later and then ignore the bankruptcy process. And I know you didn't do it intentionally. I know how these things work. But, you know, we have to paint a little broader canvas here, and it just seems to me that rule is impractical. Well, Your Honor, I think this court in the Ellett case addressed it in a somewhat different context, but basically there are obligations on the debtor and the debtor's counsel. And here, when the franchise tax board doesn't know in its computer system, and, you know, some individual might, that the joys exist or owe tax, when it gets a single-page notice from the bankruptcy court saying, is the bankruptcy been filed by this Social Security member? And they take those two and they combine them. The record clearly makes this clear. That's what happens. And no match comes up. We submit the Raleigh case, the Supreme Court's Raleigh decision, says that the federal courts are to look to state law and the state system to determine whether  And my point to Judge Wallace was that the IRS, I assume, I don't know any more about the facts than Mr. Kolb, but I assume the Joys have lived in the United States. So their Social Security number was in the IRS's system. So when they did the match, it matched. Well, let me put it a different way. Why didn't that put you on a duty of inquiry? If it doesn't match and somebody's telling you they owe you money, somebody should pick up the phone, call the debtor's counsel and say, we got this notice, we can't match it up, what's the deal? Well, in Ellett, this court specifically addressed that issue and held that the state of California is not required to change its tax system to comply with some debtors who may or may not try to gain the system. Well, we're talking about constitutional notice here. That's a different issue. Well, but as the bankruptcy of the district court found in this case and as this court found in Ellett, the obligation is on the debtor and its counsel to make sure that all proper notices have been given and things filed on time. Well, what was the improper notice in this case? Well, there was no – the improper – we contend that the improper procedure that was followed was the debtors setting the bar date for government claims before they filed their tax returns. If the bar date had been out farther or if their tax returns had been filed sooner, we would have gotten them, we would have seen they owed money, we would have filed a proof of claim. And that's where this case, the outcome of this case, has the potential to really damage state tax systems because all states, instead of the federal government, rely on the taxpayers to report their income and let us know what's owed. How is the state of California damaged if the rule is when the bankruptcy court sends you a notice that a person that's going through Chapter 13 says they owe you $20,000, how is the state of California damaged by sending in an estimated claim to the bankruptcy court? Because the system that's set up right now, as the record reflects – I understand. You'd have to have the computer do something different. Well, we'd have to put on a whole lot of additional people and basically change the way the business is done. Why is that? It's because counsel will – would read the opinion of this court, look at the facts of this case and see, gee, if we set the claims bar date out here but we don't file the returns until after that, we may be home free because they're not going to get to it. I'm not sure that was the question. I think the question is, why don't you file a proof of claim in the amount set forth in the petition subject to amendment? It protects you completely. Because we didn't – No, I'm – that is a one-page filing. I mean – And it protects your interest completely subject to amendment when you know the tax. And they said it was estimated tax. I mean, it's – I understand your position. I understand your frustration. But this happens all the time in bankruptcy where there are contingent liabilities that are called to the attention of people and people estimate and they file proofs of claim. I mean, this is not unique to California. There are thousands, maybe millions of creditors out there every year who get a contingent – notice of contingent liability, and all they get is the same notice you do. Some debtor thinks he owes you money. I mean, that's what the Bankruptcy Code prescribes as the notice that serves the constitutional purpose of notice and opportunity to be heard. I mean, I'm not quarreling with it, but we've got a bigger canvas to play on here or debate on here. And, boy, it seems to me it really opens up a lot of problems with contingent or partially contingent claims in bankruptcy. Well, our point is that there's a minimum notice requirement. The facts of this case didn't meet it. District Judge agreed with this. I agree with Judge Graber that the statutory issue should be addressed first, and we've done that in our briefs. Yeah, but, again, I'm not sure that goes anywhere for you either. I mean, that's for the same reason, is that bankruptcy and discharge in bankruptcy occurs contingent liabilities all the time. It's an unmatured liability. So I'm not sure that gets you where you want to go. But if these were postpetition taxes. Right. They're not discharged. No, they're postpetition in the sense of you haven't sent the tax bills not due, but they're accrued, and that's the difference. Well, that's the issue that's resolved in the Ripley and Dixon cases, the Fifth and the Sixth, the Tenth Circuit that we've addressed. Well, how do you deal with 1328d, which says, notwithstanding any other provision in the section, a discharge granted under the section does not discharge a debtor from any debt based on allowed claim, and it goes on, if prior approval by the trustees incurring debt was impractical and not obtained. I mean, 1328 exempts some postpetition claims from discharge, but not taxes. Well, the cases that we've cited in our brief clearly, I believe, clearly state that postpetition taxes are not discharged. And the question is, are these postpetition taxes? And our position is they were, and we didn't file a proof of claim under 1305. Therefore, they're not discharged. I'm not sure. I'm convinced it cuts your way, though. If the Court has any further questions. Do I still have my 130 left? Thank you. Have you talked about settling this? Pardon me? Have you talked about settling this issue with the California Franchise Board? It's none of our business, but you might want to talk today. I'm not going to suggest it. I don't know. Twenty thousand bucks at stake, which is important to your client, important to the State of California. A lot of issues here that may have impact on other cases. Just a thought. Okay. Thank you. First of all, the difference between this case and Ellett is the judge stated that the notice failed because the taxpayer, in that case, had an erroneous Social Security number that couldn't be matched up. They actually received notice, but it wasn't the right taxpayer. And, therefore, the only thing they could do was file a claim under the erroneous Social Security number, which I believe would be an erroneous claim. But here, I mean, I'm sympathetic to the California Taxing Authority's position that, look, you knew they didn't have your Social Security number because you hadn't filed a tax return yet. So how is that materially different? That's the only way they can find it. Okay. They could have filed in this case. The difference is the taxpayer and the Social Security number address and everything match reality. Okay. They were all 100% correct. All the Franchise Tax Board had to do was to file a contingent claim. Now, the code, the bankruptcy code in 502C1 addresses this specific problem and says you can estimate a claim. You can file a contingent claim. You can amend your claim. Right. We've asked the California about that, but how do you respond to his argument? How do you respond to counsel's argument that if we adopt your position in this case, that debtors are going to be encouraged to set a bar date prior to the time the taxes due and, therefore, thwart the collection of state taxes? Debtors do not set bar dates. The bankruptcy court sets the bar dates. The only thing that the debtor does is file a petition. Right. But there are certain things that happen in the context of filing a plan and so forth that can adjust the dates. Okay. Whether it's a connived sort of gaming with that point or not, the Franchise Tax Board still has its option. File a contingent claim. There's nothing extra that it has to do. Just file a claim, whether they know the amount or not. That's the protection of 502C-I. Okay. Thank you, counsel. Thank you, sir. It's an interesting question, and we thank you for your arguments and your briefing. And with that, that concludes the oral arguments for this morning, and Kathleen will be gone for about 15 minutes. Before we adjourn today, I want to thank my colleagues, Judge Graber and Chief Judge Emeritus Wallace. It was a pleasure to sit with you, and it's an honor to serve with you. Thank you. All rise. This session is then adjourned.
judges: Wallace, Thomas, Graber